# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

QASIM RASHID,

      Plaintiff,

v.

JOSEPH CECIL VANDEVERE,

      Defendant.

Case No.: 1:21-cv-00615-LMB-IDD

## PLAINTIFF QASIM RASHID'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Maya M. Eckstein (VSB # 41413)
Sean B. O'Connell (VSB # 95281)
Joshua P. Hanbury (VSB # 78550)
Ann E. Hancock (VSB # 91010)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219
Tel: (804) 788-8200
Fax: (804) 788-8218
meckstein@huntonak.com
soconnell@huntonak.com
jhanbury@huntonak.com
hancocka@huntonak.com

Ryan G. Rich (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
One South at the Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC  28280
Tel: (704) 378-4778
Fax: (704) 378-4890
rrich@huntonak.com

Sanaa A. Ansari (*pro hac vice*)
Stephanie R. Correa (*pro hac vice pending*)
MUSLIM ADVOCATES
P.O. Box 34440
Washington, DC  20043
Tel: (202) 897-1894
Fax: (202) 508-1007
sanaa@muslimadvocates.org
stephanie@muslimadvocates.org

*Counsel for Plaintiff Qasim Rashid*

**Table of Contents**

I. INTRODUCTION ........................................................................................................................1

II. ARGUMENT.............................................................................................................................2

    A. By Declaring It a True Threat, the Jury that Convicted Defendant Vandevere Conclusively Determined that the March 13 Tweet Was an Act of Intimidation or Harassment..............................................................................................2

    B. Defendant Vandevere's "Lack of Memory" Concerning the Circumstances of the March 13 Tweet Does Not Create A Genuine Dispute As to His Religious Animosity..................................................................................................................6

    C. Whether Mr. Rashid Is a Public Figure Is Inapposite and, in Any Event, Disputed. ...................................................................................................................6

    D. Defendant Vandevere Does Not Oppose Summary Judgment on His "Public Figures and the First Amendment" Affirmative Defense. ............................................8

III. CONCLUSION........................................................................................................................9

**Table of Authorities**

**Cases**

*Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438 (2002)............................................................. 2, 3

*Brzonkala v. Va. Polytechnic Inst. And State Univ.*, 169 F.3d 820 (4th Cir. 1999)........................ 4

*Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541 (4th Cir. 1994)............................................... 7

*Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657 (1989) .................................. 8

*Johnson v. Hugo's Skateway*, 974 F.2d 1408 (4th Cir. 1992) ........................................................ 4

*Law v. Hilton Domestic Operating, Co., Inc.*, No. 3:20CV145 (DJN), 2020 WL 7130785 (E.D. Va. Dec. 4, 2020) ........................................................................................................................ 5

*Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) ............................................................................. 3

*Salim v. Dahlberg*, 170 F. Supp. 3d 897 (E.D. Va. 2016) .............................................................. 3

*United States. v. B.C. Enters., Inc.*, 667 F. Supp. 2d 650 (E.D. Va. 2009)..................................... 5

*United States v. Ketchum*, 550 F.3d 363 (4th Cir. 2008) ............................................................... 3

*Virginia v. Black*, 538 U.S. 343 (2003)...................................................................................... 1, 3

**Statutes**

18 U.S.C. § 871................................................................................................................................ 8

Va. Code Annotated § 8.01-42.1 ............................................................................................. 1, 2, 5

I. **INTRODUCTION**

In opposition to Mr. Rashid's motion for partial summary judgment, Defendant Vandevere makes three arguments, none of which have merit.

First, Defendant Vandevere appears to argue that whether a "true threat" is an "act of intimidation or harassment" under Virginia Code Annotated § 8.01-42.1 ("§ 8.01-42.1") is a disputed question of fact requiring the Court to evaluate whether and how much Mr. Rashid "suffered" from it. But the question is a legal one, and the law is clear that a true threat is an act of intimidation: "Intimidation . . . is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." *Virginia v. Black*, 538 U.S. 343, 360 (2003). Liability under § 8.01-42.1 depends on the defendant's actions, not the extent of the impact of those actions on the plaintiff. Any factual dispute about the extent of the impact on Mr. Rashid, i.e. how much he suffered from Defendant Vandevere's threat, is relevant only to the question of damages, not liability.

Second, Defendant Vandevere argues that his inability to remember why he called Mr. Rashid "PEDOPHILE PROPHET MUHAMMAD CUBE WORSHIPPING INBRED MUSLIM SCUM" creates a factual dispute as to whether Defendant Vandevere was motivated by religious animosity. But Defendant Vandevere's religious animosity towards Islam is unequivocally established by his words in 2018 and his testimony in 2021. The fact that Defendant Vandevere may not recall today why he used religious epithets when threatening Mr. Rashid in 2018—the same kinds of religious epithets he used regularly on social media—does not create a dispute of material fact.

Third, Defendant Vandevere argues that his threats did not violate the law because Mr. Rashid has a higher-than-normal public profile. That argument is easily rejected. Whether or not Mr. Rashid was a public figure in 2018 (which is in dispute), there are no legal grounds for Defendant Vandevere to argue that there is a sliding scale of permissibility for death threats. This is

not a defamation case. The question here is not about the truth or falsity of Defendant Vandevere's statements, but instead about a true threat against Mr. Rashid—which the First Amendment never protects.

The Court should reject Defendant Vandevere's arguments, award partial summary judgment to Mr. Rashid, and send the dispute about damages to a jury.

## II.   ARGUMENT

### A. By Declaring It a True Threat, the Jury that Convicted Defendant Vandevere Conclusively Determined that the March 13 Tweet Was an Act of Intimidation or Harassment.

Defendant Vandevere argues that there is a factual dispute as to whether Defendant Vandevere's March 13 Tweet—which he concedes is a "true threat"—constitutes "intimidation or harassment" under § 8.01-42.1. But that is a legal question, not a factual one, and a true threat is always an act of intimidation. In crafting his argument, Defendant Vandevere ignores the plain language of the statute and conflates the question of his liability (i.e., whether he subjected Mr. Rashid to an act of intimidation or harassment) with damages (i.e., the extent to which Mr. Rashid suffered because of Defendant Vandevere's act of intimidation).

Section 8.01-42.1 grants a cause of action to individuals who are "subjected to acts of intimidation or harassment." Va. Code Ann. § 8.01-42.1(A). While conceding that the jury found that he communicated a true threat to Mr. Rashid, Defendant Vandevere disputes that he subjected Mr. Rashid to an "act of intimidation or harassment" under § 8.01-42.1. Def's Opp'n (ECF No. 43) at 5-6. Defendant Vandevere suggests that the Court must analyze the degree of harm suffered by Mr. Rashid in determining whether Defendant Vandevere's conduct violates the statute. That is wrong.

In construing a statute, a court must "begin with the language of the statute." *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). "The first step 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the

2

case.'" *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). Here, § 8.01-42.1 prohibits "act[s] of intimidation." Thus, in determining liability, the focus is on the defendant's "acts." *See Salim v. Dahlberg*, 170 F. Supp. 3d 897, 912-13 (E.D. Va. 2016) (Brinkema, J.) (finding that "the assault and Virginia Code [§ 8.01-42.1] violations for which defendant was found liable necessarily involved a finding of harmful or intimidating conduct by defendant, thereby defeating his First Amendment argument"; in other words, equating "harmful or intimidating conduct" with "true threats" not protected by the First Amendment); *see also United States v. Ketchum*, 550 F.3d 363, 367 (4th Cir. 2008) ("The intimidation element of [18 U.S.C.] § 2113(a) is satisfied if an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts.") (internal quotations and citation omitted).

Here, there is no dispute that Defendant Vandevere's March 13, 2018 Tweet constituted a "true threat." Defendant Vandevere concedes that the jury in his criminal trial necessarily determined that Vandevere "subjectively intended [the March 13, 2018 Tweet] as a threat to injure [Mr. Rashid]" and that "the content of [the March 13, 2018 Tweet] contained a 'true threat' to injure any person." Def.'s Opp'n at 5-6; Pl.'s Mem. (ECF No. 35) at 14, SUF ¶ 63 (quoting Trial Tr. Vol. II (ECF No. 35-17) at 101:23-102:5). Defendant Vandevere further concedes that, in finding the March 13, 2018 Tweet to be a "true threat," the jury determined that "an ordinary, reasonable recipient who is familiar with the context in which the [March 13, 2018 Tweet was] made would interpret [it] as a serious expression of an intention to commit unlawful physical violence."

It is beyond dispute that an "act of intimidation" is a type of true threat. *Virginia v. Black*, 538 U.S. 343, 360 (2003) ("*Intimidation* in the constitutionally proscribable sense of the word *is a type of true threat,* where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death.") (emphases added). Thus the jury's verdict on this issue resolves any question of whether Defendant Vandevere's March 13, 2018 Tweet was an "act of intimidation."

3

Nevertheless, Defendant Vandevere argues that the jury's findings do not establish "intimidation" under § 8.01-42.1 because they did not "require a showing that [Mr. Rashid] *suffered* intimidation or harassment." Def.'s Opp'n at 7 (emphasis added). But the extent to which Mr. Rashid suffered is a damages question. Here, Mr. Rashid testified extensively about the damages he suffered, including feeling constant concern for himself and his family, as well as worrying about his surroundings and personal protection. Pl.'s Mem. at 15, SUF ¶ 68. While it is true that Mr. Rashid neither called the authorities nor moved for a protective order after receiving Defendant Vandevere's anonymous death threat, those facts have no bearing on the question of whether Defendant Vandevere subjected Mr. Rashid to an "act of intimidation or harassment." As detailed in Mr. Rashid's opening brief, there is no question that Defendant Vandevere sent the March 13, 2018 Tweet with the intent to intimidate, harass, and place Mr. Rashid in fear of bodily harm. Pl.'s Mem. at 14, SUF ¶¶ 63-64.

Defendant Vandevere's heavy reliance on an excerpt from Judge Hamilton's dissent in *Johnson v. Hugo's Skateway*, 974 F.2d 1408 (4th Cir. 1992) is misplaced.[1] The jury in that case had to determine whether the plaintiff was subjected to an act of intimidation and was instructed that "intimidation means to make a person timid or fearful to frighten into submission or obedience." *Id.* at 1435. Judge Hamilton indicated approval of the jury instructions given in that case. But the *Johnson* case involved materially different factual circumstances with respect to whether the defendant's actions constituted "act[s] of intimidation or harassment." The plaintiff in *Johnson*, who was the only Black patron at a roller skating establishment, was asked by a white employee to accompany him to the "back room," and another employee reported the plaintiff to the police after he refused to go to the "back room." *Id.* at 1411. There was no overt threat, let alone a death threat,

---

[1] Regardless, dissenting opinions are not binding authority. *Brzonkala v. Va. Polytechnic Inst. And State Univ.*, 169 F.3d 820, 878 (4th Cir. 1999) ("[V]iews in dissent, of course, are not binding authority….").

4

at issue in *Johnson*. Instead, the jury was tasked with deciding whether the manager's actions—which were decidedly not threats—constituted an "act of intimidation or harassment" under the statute. *Id.*; *see also Law v. Hilton Domestic Operating, Co., Inc.*, No. 3:20CV145 (DJN), 2020 WL 7130785, at *11 (E.D. Va. Dec. 4, 2020) ("[W]hile [§ 8.01-42.1] clearly covers conduct such as physical violence and the use of racial slurs, it also covers quieter acts of discrimination such as the ones described in *Johnson* . . . .").

Here, a jury already decided that "an ordinary, reasonable recipient who is familiar with the context in which the [March 13, 2018 Tweet was] made would interpret [it] as a serious expression of an intention to commit unlawful physical violence." Pl.'s Mem. at 14, SUF ¶¶ 63-64. So that issue is resolved. Moreover, nowhere does Judge Hamilton suggest that demonstrating liability under the statute requires a factual finding that the plaintiff suffered damages. Indeed, nothing in the plain language of § 8.01-42.1 would support such a finding. *Compare* Va. Code Ann. § 8.01-42.1(A) (granting cause of action to those subjected to acts of intimidation) *with* Va. Code Ann. § 8.01-42.1(B) (stating that "[a]ny aggrieved party who initiates and prevails in an action authorized by this section shall be entitled to damages . . . .").

To be clear, Defendant Vandevere does not dispute that Mr. Rashid was "subjected" to Defendant Vandevere's death threat. Def.'s Opp'n at 5-6. Instead, Defendant Vandevere merely argues that the degree to which Mr. Rashid suffered damages is a factor in determining whether Defendant Vandevere's threatening to kill Mr. Rashid was an act of intimidation. But Mr. Rashid is seeking partial summary judgment only as to Defendant Vandevere's liability under § 8.01-42.1, not as to damages. Pl.'s Mem. at 8 ("Mr. Rashid respectfully requests judgment in his favor and for a trial only on damages and on his claim for intentional infliction of emotional distress."); *see also United States. v. B.C. Enters., Inc.*, 667 F. Supp. 2d 650, 664 (E.D. Va. 2009) (granting partial summary judgment to plaintiff as to liability with the trial to occur as scheduled to determine damages). Defendant Vandevere had a full and fair opportunity to litigate the question of whether

5

his March 13 Tweet was an act of intimidation—and he did so vigorously, appealing all the way to the Supreme Court.  Pl.'s Mem. at 14-16, SUF ¶¶ 65-66, 72,  He lost that argument *three times* and is barred from relitigating the jury's findings here.[2]

### B. Defendant Vandevere's "Lack of Memory" Concerning the Circumstances of the March 13 Tweet Does Not Create A Genuine Dispute As to His Religious Animosity.

Defendant Vandevere does not deny that the March 13 Tweet expressly demonstrates violent animosity towards the religion of Islam.  Nor does he deny that he authored many similar social media posts demonstrating that animosity.  Instead, Defendant Vandevere suggests that his inability to remember exactly why he targeted his March 13, 2018 threat toward Mr. Rashid is a basis for the Court to deny summary judgment.  It is not.

The question under the statute is whether Defendant was motivated by religious animosity, and that question is unequivocally answered in Defendant Vandevere's own words—in the March 13 Tweet, the March 21 Tweets, and elsewhere.  Testifying under oath, Defendant Vandevere repeatedly reiterated his belief that the Muslim faith is dangerous.  There is a mountain of evidence that Defendant Vandevere was motivated by religious animosity.  And he has offered no evidence to contradict that fact.  His mere statements that he does not remember are not contradictions—in fact they are admissions that he cannot contradict the evidence before the Court.

### C. Whether Mr. Rashid Is a Public Figure Is Inapposite and, in Any Event, Disputed.

As explained in Mr. Rashid's opening brief, whether a plaintiff is a public figure is irrelevant when the question is whether the plaintiff has been subjected to a "true threat."  *See* Pl.'s Mem. at 26-27.  Nevertheless, Defendant Vandevere asks this Court to equate *false* statements with *violent*, *threatening* ones and require Mr. Rashid to show some higher burden of proof as though

---

[2] As set forth in Mr. Rashid's opening brief, there is no genuine dispute that the March 13 Tweet is an act of "intimidation or harassment" as a matter of law irrespective of collateral estoppel.  Pl.'s Mem. at 23-24.  Defendant Vandevere argues that this is not so because there is a genuine dispute of fact as to whether Mr. Rashid suffered at all.  Def.'s Opp'n at 8-10.  But this argument fails for the same reasons explained above.  *See supra* Part II.A.

this was a defamation case. The Court can easily dispose of Defendant Vandevere's argument because the law does not support his comparison.

Defendant Vandevere notes that, to sustain a defamation claim or action for intentional infliction of emotional distress based on a false statement, a public figure must prove that the statement was made with knowledge of its falsity or reckless disregard as to its truth.[3] Def.'s Opp'n at 11. The rationale for this heightened burden of proof is that public figures are both better equipped to rebut, and have voluntarily exposed themselves to injury from, false statements. Def's Opp'n at 11 ("First, public figures are less vulnerable to injury from defamatory statements because of their ability to resort to the 'self-help' remedy of rebuttal. . . . Second . . . public figures are less deserving of protection than private individuals because public figures, like public officials, have voluntarily exposed themselves to increased risk of injury from defamatory falsehood." (quoting *Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1552 (4th Cir. 1994)).

But Defendant Vandevere inexplicably suggests that the Court should apply to *violent* statements the same standards it applies to allegedly *false* ones. Defendant Vandevere even goes as far as saying that public figures *invite* death threats, and thus should bear a heightened burden of proof when seeking damages for such threats. Def.'s Opp'n at 11 ("Plaintiff voluntarily exposed himself to increased risk of injury.") This cannot be the case.

Indeed, requiring that public figures demonstrate "actual malice" to sustain claims based on true threats, as Defendant Vandevere suggests, is nonsensical. The Supreme Court has said that

---

[3] Defendant Vandevere incorrectly suggests that public figures carry a heightened burden of proof for all claims of intentional infliction of emotional distress. Def.'s Opp'n at 10-11. Only when a public figure's claim of intentional infliction of emotional distress is based on allegedly false statements does a heightened burden of proof applies. *Id.* at 11 ("[A] public figure may not recover for . . . intentional infliction of emotional distress . . . without showing . . . *a false statement of fact* which was made . . . with knowledge that *the statement was false* or with reckless disregard as to whether or not it was true." (citations and internal quotations omitted) (emphases added)). Though Mr. Rashid does not move for summary judgment on his claim of intentional infliction of emotional distress, a heightened burden of proof would not apply to that claim because it is based on a violent threat—a not a false statement.

7

demonstrating "actual malice" requires a showing that "the statements were made with a reckless disregard for the truth." *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989). It is entirely unclear how a death threat can be made with "reckless disregard to the truth" about the victim. Moreover, there are criminal laws against threatening indisputably public figures, which contain no elements regarding knowledge of falsity or reckless disregard for the truth. *See, e.g.,* 18 U.S.C. § 871(a) (criminalizing "knowingly and willfully deposit[ing] for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States….").

Nor is it the case, as Defendant Vandevere claims, that "[a]llowing public figures to recover money damages against private individuals without a heightened burden of proof, even for true threats, could have a potentially chilling effect on legitimate and protected speech." Def.'s Opp'n at 12. Again, "true threats" are *never* afforded First Amendment protection. *See* Pl.'s Mem. at 26-27. It strains credulity to argue for a heightened burden of proof for claims involving speech that is *never* protected to avoid a supposed "chilling effect on legitimate and protected speech." In short, there is no legal basis for Defendant Vandevere's unprecedented position that public figures carry a heightened burden of proof for claims based on true threats.

**D. Defendant Vandevere Does Not Oppose Summary Judgment on His "Public Figures and the First Amendment" Affirmative Defense.**

In his so-called "Public Figures and the First Amendment" affirmative defense, Defendant Vandevere asserts that "Plaintiff has alleged he is a Public Figure. The Tweets alleged in Plaintiff's Complaint are subject to First Amendment protection." Ans. (ECF No. 20) at ¶ 67. But, as pointed out in Mr. Rashid's opening brief, the First Amendment does not protect true threats against anyone—regardless of status—and the affirmative defense fails as a matter of law. Pl.'s Mem. at 26-27. Additionally, even assuming the First Amendment protected "true threats" against public

8

figures, collateral estoppel bars Defendant Vandevere from making this argument. *See id.* Defendant Vandevere fails entirely to address these arguments.

Instead, Defendant Vandevere contradicts his Answer and affirmative defense by admitting that "Defendant does not contend that Plaintiff's status as a public figure operates as a complete bar to recovery in this case." Def.'s Opp'n at 10. This alone is reason enough to grant Mr. Rashid partial summary judgment on Defendant Vandevere's "Public Figures and the First Amendment" affirmative defense.

### III.  CONCLUSION

There is no genuine dispute that Defendant Vandevere's death threats with religious epithets directed at Mr. Rashid were acts of intimidation or harassment motivated by religious animosity. The degree to which Mr. Rashid was intimidated—his damages—will be decided by a jury. But this Court should decide Defendant Vandevere's liability under the statute as a matter of law, and Mr. Rashid should be granted partial summary judgment.

DATED: January 18, 2022

QASIM RASHID
By Counsel

By:  /s/ Maya M. Eckstein

| | |
|---|---|
| Maya M. Eckstein (VSB # 41413) | Sanaa A. Ansari (*pro hac vice*) |
| Sean B. O'Connell (VSB # 95281) | Stephanie R. Correa (*pro hac vice pending*) |
| Joshua P. Hanbury (VSB # 78550) | MUSLIM ADVOCATES |
| Ann E. Hancock (VSB # 91010) | P.O. Box 34440 |
| HUNTON ANDREWS KURTH LLP | Washington, DC  20043 |
| Riverfront Plaza, East Tower | Tel: (202) 897-1894 |
| 951 East Byrd Street | Fax: (202) 508-1007 |
| Richmond, VA  23219 | sanaa@muslimadvocates.org |
| Tel: (804) 788-8200 | stephanie@muslimadvocates.org |
| Fax: (804) 788-8218 | |
| meckstein@huntonak.com | |
| soconnell@huntonak.com | |
| jhanbury@huntonak.com | |
| hancocka@huntonak.com | |

Ryan G. Rich (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
One South at the Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC  28280
Tel: (704) 378-4778
Fax: (704) 378-4890
rrich@huntonak.com

       *Counsel for Plaintiff Qasim Rashid*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January 2022, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to all registered counsel of record.

/s/ Maya M. Eckstein
Maya M. Eckstein, VSB No. 41413
